Taliaferro, J.
This case comes up on demurrer to the indictment of the defendant, for shooting with the intent to commit murder. Various points of objection are stated to the legality of the indictment. We shall consider the only one thought to have any force, viz: “That the said indictment was not found by a grand jury qualified to inquire in the premises.”
The indictment was found at the May term, 1866, and the demurrer filed 17th May, 1867. The objections were sustained and the indictment quashed. Erom this judgment of the Court below, the State has appealed.
The indictment is held to be null and void, on the ground that the grand jury which presented the bill was organized and empanneled by calling the list of the regular panel summoned for that term, and taking the fifteen who first answered to their names, after selecting a foreman from the whole panel.
This, it is admitted on the part of the State, is irregular, but it is contended that it is an informality which cannot be taken advantage of after the first day of the term, at which the jury was empanneled. Revised Statutes, page 296, section 3.
It appears that the offence with which the defendant is charged, was committed on the first day of the term at which he was indicted, and about four or five o’clock in the afternoon of that day. Under this state of facts a compliance with the requirements of the law would seem to have been impossible, and the law does not require the performance of impossible things. It is clear that the jury was not organized as it should have been under the provisions of the act of 1858. Acts of 1858, p. It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed.